IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| RICHARD LESLIE WOOTON II, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Case No. CIV-19-693-D |
| | ) | |
| JIMMY MARTIN, | ) | |
| | ) | |
| Respondent. | ) | |

**O R D E R**

This matter is before the Court for review of the Report and Recommendation [Doc. No. 15] issued by United States Magistrate Judge Bernard M. Jones pursuant to 28 U.S.C. § 636(b)(1)(B) and (C). Judge Jones recommends that the Petition for a writ of habeas corpus under 28 U.S.C. § 2241 be denied.[1] Petitioner has filed a timely Objection [Doc. No. 16]. Thus, the Court must make a *de novo* determination of any part of the Report to which a specific objection is made, and may accept, reject, or modify the recommended decision in whole or in part. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3).

Petitioner seeks relief from the application to his state-court criminal sentences of the "85% rule" of Okla. Stat. tit. 21, § 13.1. Under this rule, Petitioner is not eligible for parole consideration, and cannot receive any credits toward earlier release, until he has served 85% of the prison time imposed in 2012 for possession of child pornography.

---

[1] Although Petitioner, who appears *pro se*, filed a Civil Rights Complaint [Doc. No. 1], Judge Jones previously recommended that it be construed as a § 2241 Petition and that the warden at Petitioner's institution be substituted as the proper party. *See* R&R [Doc. No. 5]. Petitioner accepted this recommendation, and the Court adopted it. *See* 8/23/19 Order [Doc. No. 8].

Petitioner claims the statute of his conviction, Okla. Stat. tit. 21, § 1024.2, was added to Section 13.1 through a legislative amendment in 2015, and applying the amended statute to his 2010 offenses violates the Ex Post Facto and Due Process Clauses of the Fifth and Fourteenth Amendments.

Although Respondent has raised procedural defenses of untimeliness and non-exhaustion of state court remedies, Judge Jones recommends that the Petition be denied for lack of merit.[2] Judge Jones gives two reasons: 1) Petitioner's claim is inconsistent with Oklahoma law, which treated his crimes as 85% rule offenses before the 2015 amendment, *see* R&R at 2-3 (quoting *West v. State*, No. F-2013-766 (Okla. Crim. App. Dec. 12, 2014) (unpublished)); and 2) Petitioner's claim is unsupported by federal law, which holds that an Oklahoma inmate has no liberty interest in parole eligibility, *id*. at 3-4 (quoting *Clark v. Fallin*, 654 F. App'x 385, 388 (10th Cir. 2016) (unpublished), and *West v. Bryant*, 763 F. App'x 652, 661 (10th Cir. 2019) (unpublished)).[3]

The record shows that Petitioner pleaded guilty to eight counts of possession of child pornography in violation of Okla. Stat. tit. 21, § 1024.2, and the District Court of Tulsa County, Oklahoma, sentenced him on January 24, 2012, to eight consecutive five-year terms of imprisonment, with the last three terms suspended. *See* Resp., Ex. 1 [Doc. No. 11-1], at 1, 3, 5, 7, 9, 11, 13, 15 (ECF page numbering). The offenses were all

---

[2] The court of appeals has endorsed this approach as permitted by 28 U.S.C. § 2254(b)(2). *See Montez v. McKinna*, 208 F.3d 862, 865 (10th Cir. 2000); *see also United States v. Eccleston*, 521 F.3d 1249, 1253 (10th Cir. 2008).

[3] Unpublished opinions are cited pursuant to Fed. R. App. P. 32.1(a) and 10th Cir. R. 32.1(A).

committed on August 19, 2010. *Id*. On the dates of Petitioner's offenses and sentencing, the statutory authority for the 85% rule listed as covered crimes, "Child Pornography as defined in Section 1021.2, 1021.3 or 1024.1 of this title." *See* Okla. Stat. tit. 21. § 13.1(16) (Supp. 2009 and 2011). Petitioner's statute of conviction made it a crime "to buy, procure, or possess child pornography in violation of Section 1024.1 through 1024.4 of this title." *See* Okla. Stat. tit. 21, § 1024.2 (2011). Thus, throughout Petitioner's time in custody, the Department of Corrections (DOC) has applied the 85% rule to his sentences involving child pornography as defined by Section 1024.1.[4] Petitioner correctly states, however, that a legislative amendment effective November 1, 2015, first added Section 1024.4 (and aggravated child pornography in violation of Section 1040.12a) to the list of statutes cited in the child pornography paragraph of Section 13.1. *See* 2015 Okla. Sess. Law Serv. Ch. 290 (West); *see also* Okla. Stat. tit. 21, § 13.1(16) (Supp. 2018).

Liberally construing Petitioner's Objection due to his *pro se* status, the Court understands that Petitioner challenges both of Judge Jones' findings. As to the finding that state law applied Section 13.1 to Petitioner's offenses prior to the 2015 amendment, Petitioner faults Judge Jones for relying on an unpublished decision of the Oklahoma Court

---

[4] The Court takes judicial notice of its own records, including a prior case in which Petitioner sought federal habeas corpus relief from his convictions and sentences under 28 U.S.C. § 2254. *See Wooton v. Allbaugh*, Case No. CIV-16-1387-M (W.D. Okla. Dec. 5, 2016). In describing the procedural history of his criminal case, Petitioner stated that his first application for post-conviction relief filed in the state district court in June 2012 challenged DOC's application of the 85% rule to his sentences contrary to assurances from the trial judge who accepted his guilty plea. *See id*. Pet. at 3 (ECF page numbering). The Court may also take judicial notice of the proceedings and filings in Petitioner's state court case, *State v. Wooton*, CF-2010-3241 (Tulsa Cty, Okla.), which are publicly available through http://www.oscn.net. *See United States v. Ahidley*, 486 F.3d 1184, 1192 n.5 (10th Cir. 2007).

3

of Criminal Appeals (OCCA) and failing to consider that insufficient notice to a criminal defendant that the 85% rule will apply to his offense, standing alone, may be a denial of due process. *See* Obj. at 2-4. As to the finding that federal law does not recognize a liberty interest in parole consideration, Petitioner asserts that the 85% rule also denies him the right to earn sentence credits, which "<u>guarantees</u> that he will serve a longer period of incarceration." *Id*. at 1-2 (emphasis in original).[5]

Upon consideration, the Court agrees with Judge Jones that Petitioner's federal claims rest on a faulty state-law premise regarding the reach of Section 13.1 before 2015, and his due process argument is inconsistent with decisions of the state's highest court. The OCCA has issued several decisions defining a defendant's rights with respect to the 85% rule. As pertinent here, in *Ferguson v. State,* 143 P.3d 218, 219 (Okla. Crim. App. 2006), and *Pickens v. State*, 158 P.3d 482, 483 (Okla. Crim. App. 2007), the court held that a defendant should be informed of the 85% rule before entering a plea of guilty or *nolo contendere* to an offense that is subject to the rule.[6] Thus, Petitioner's due process right to notice of the 85% rule was protected by state law rules governing his guilty plea proceeding, apart from the language of Section 13.1 itself. The applicability of the 85% rule was not a matter decided later by DOC or affected by a later amendment of the statute.

---

[5] Review of all other issues addressed by Judge Jones is waived. *See Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991); *see also United States v. 2121 E. 30th St.*, 73 F.3d 1057, 1060 (10th Cir. 1996).

[6] Also, when a defendant proceeds to a jury trial, the OCCA held in *Anderson v. State*, 130 P.3d 273, 282-83 (Okla. Crim. App. 2006), "that jurors should be instructed on the 85% Rule in every case to which it applies." *See Lacy v. State*, 171 P.3d 911, 914 (Okla. Crim. App. 2007).

4

Therefore, the 2015 amendment of Section 13.1 does not provide Petitioner any basis for relief from the 85% rule.[7]

Similarly, regarding the alleged liberty interest implicated by the 85% rule's effect on sentence credits, Petitioner's arguments again reflect a misunderstanding of state law. An inmate does not have an absolute right to earn sentence credits. The statute regarding earned credits provides: "Except as otherwise provided by law, every inmate of a state correctional institution shall have their term of imprisonment reduced monthly, based upon the class level to which they are assigned." Okla. Stat. tit. 57, § 138(A). Section 13.1 "is precisely such a law." *Mayes v. Dowling*, 780 F. App'x 599, 2019 WL 2714041 at *2 (10th Cir. 2019) (unpublished) (internal quotation omitted).

More importantly, the Tenth Circuit has expressly rejected the same arguments that Petitioner makes in this case. In *West v. Bryant*, 763 F. App'x 652, 661 (10th Cir.), *cert. denied*, No. 19-5248, 2019 WL 4923156 (U.S. Oct. 7, 2019), an Oklahoma inmate "argued in the district court that because aggravated child pornography was not enumerated in the statute when he was convicted, it is an ex post facto law that has unconstitutionally increased his sentence by denying him earned time credits." The district court "rejected his argument, reasoning that application of the 85% Rule . . . does not extend the duration of incarceration beyond the term of years initially imposed. It merely postpones the date on which an inmate is initially eligible to be considered for parole." *West*, 763 F. App'x

---

[7] If Petitioner was not informed of the 85% rule in a timely manner, the omission may have provided a ground for seeking state post-conviction or federal habeas corpus relief. *See Wooton v. Allbaugh*, Case No. CIV-16-1387-M, Pet. at 43-44 (W.D. Okla. Dec. 5, 2016) (ECF page numbering).

at 661 (internal quotation omitted). "Reasoning that Mr. West lack[ed] any federal due process rights in the parole process, the district court concluded he also lacked a liberty interest protected by the federal Due Process Clause." *Id*. The court of appeals found the district court's decision "was neither debatable nor wrong," holding that "the eighty-five percent rule does not implicate a constitutionally protected interest." *Id*. Therefore, Petitioner "cannot successfully allege a due process violation based on [the 85% rule's] application to his sentence."

IT IS THEREFORE ORDERED that the Report and Recommendation [Doc. No. 15] is ADOPTED and the § 2241 Petition is DENIED. A separate judgment shall be entered accordingly.

IT IS FURTHER ORDERED that pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases, the Court must issue or deny a certificate of appealability ("COA") when it enters a final order adverse to a petitioner. The requirement of § 2253(c)(1) to obtain a COA also applies when a state habeas petitioner is proceeding under § 2241. *See Montez v. McKinna*, 208 F.3d 862, 869 (10th Cir. 2000). A COA may issue only if Petitioner "has made a substantial showing of the denial of a constitutional right." *See* 28 U.S.C. § 2253(c)(2). "A petitioner satisfies this standard by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003); *see Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Upon consideration, the Court finds the requisite standard is not met in this case. Therefore, a COA is DENIED.

**IT IS SO ORDERED** this 14th day of November 2019

.

TIMOTHY D. DeGIUSTI
Chief United States District Judge